UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERRIMACK MUTUAL INSURANCE COMPANY, a/s/o The Keller Family Trust,<br><br>*Plaintiff,*<br><br>v.<br><br>NEW WIDETECH INDUSTRIES CO. LTD,<br><br>*Defendant*. | No. 3:20cv546(MPS) |

**RULING ON MOTION FOR ALTERNATE SERVICE**

The plaintiff moves under Fed. R. Civ. P. 4(f)(3) and (h) for an order permitting alternative means of service on the defendant, a company located in Taiwan. (ECF No. 6.) Specifically, the plaintiff requests permission to effect service on the defendant by email to nwt@newwidetech.com, an address on the defendant's website, or in the alternative, by a court order directing the Clerk of the Court to send a copy of the complaint via Federal Express to the defendant with a receipt requested. The motion is granted as set forth below.

Fed. R. Civ. P. 4(h) governs procedures for serving foreign companies and provides in pertinent part:

> Unless federal law provides otherwise . . . , a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: . . :
>
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

In turn, Rule 4(f) provides

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[1];
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> (C) unless prohibited by the foreign country's law, by:
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> (3) by other means not prohibited by international agreement, as the court orders.

The plaintiff seeks relief under Rule 4(f)(3). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *AMTO, LLC v. Bedford Asset Mgmt., LLC,* No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015)(internal quotation marks and citation omitted)). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (internal quotation marks omitted). "[T]here is no hierarchy among the subsections in Rule 4(f)." *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-CV-9505 (ALC), 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). Under Rule 4(f)(3), "a plaintiff is not required to attempt service through the other provisions of Rule 4(f)

---

[1] "Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process." *Wei Su v. Sotheby's, Inc.*, No. 17-CV-4577, 2018 WL 4804675, at *3 (S.D.N.Y. Oct. 3, 2018).

2

before the Court may order service pursuant to Rule 4(f)(3)." *AMTO, LLC,* 2015 WL 3457452, at \*4 (quoting *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013)).

> In determining whether to issue an order permitting alternative service under Fed. R. Civ. P. 4(f)(3), the Court engages in a three-part analysis to determine whether: (1) the proposed alternative method of service is prohibited by federal law, Fed. R. Civ. P. 4(f), (2) the proposed method of service is prohibited by international agreement, Fed. R. Civ. P. 4(f)(3), and (3) assuming that the first two criteria are satisfied, whether the Court, in the exercise of its discretion, should permit alternative service.  . . . Finally, the Court considers whether the proposed method of service is sufficient to satisfy constitutional due process under *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).

*Convergen Energy LLC v. Brooks*, No. 20-CV-3746, 2020 WL 4038353, at \*3 (S.D.N.Y. July 17, 2020).

In addition, "district courts in the Second Circuit have generally required two additional showings before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has made a reasonable effort to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Asia Cube Energy Holdings, LTD. v. Inno Energy Tech Co. & Hans Chia*, No. 20-CV-6203, 2020 WL 4884002, at \*3 (S.D.N.Y. Aug. 17, 2020).  *See Convergen Energy LLC*, 2020 WL 4038353, at \*4 (same); *Devi v. Rajapaska*, No. 11-CV-6634, 2012 WL 309605, at \*1 (S.D.N.Y. Jan. 31, 2012) (collecting cases).

As to the first and second factors, the plaintiff cites authority that email service to Taiwan is not prohibited either by federal law or international agreement.  (ECF No. 6 at 7.)  As to the requirement that the means of service comport with due process, "the moving party must usually 'demonstrate[ ] that the email is likely to reach the defendant' . . . ." *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186, 2013 WL 4016272, at \*5 (S.D.N.Y. Aug. 7, 2013).  *See Pearson Educ. Inc. v. Doe 1*, No. 18CV7380, 2019 WL 6498305, at \*3 (S.D.N.Y. Dec. 2, 2019)("Email service has also repeatedly been found by courts to meet the requirements of due process.")  As to this

consideration, the plaintiff explains that it initially notified the defendant of its claim via the email address listed on the website and received a response from an individual "who represented herself as an adjuster hired by [the defendant] to investigate the claim." (ECF No. 6, Blackburn Aff. at ¶7.) Under these circumstances, service via email comports with due process.

Finally, the plaintiff indicates its effort to effectuate service. (ECF No. 6, Blackburn Aff. at ¶ 12.)

Accordingly, the plaintiff's request to serve the defendant by "the clerk of the court delivering the complaint . . . via Federal express and obtaining a signed receipt from the defendant" (ECF No. 6 at 3) is GRANTED. The plaintiff shall provide the Clerk of the Court with a service packet, FedEx envelope (addressed and prepaid), and a copy of this order by depositing the same in the Clerk's Office drop box. The Clerk shall then make a copy of the complaint and mail the package out.

The plaintiff's request to email the summons and complaint to the two email addresses specified in the motion (ECF No. 6 at 1) also is GRANTED. The plaintiff may wait until the FedEx signed receipt is in hand before sending the emails.

The plaintiff shall file the signed receipt for the FedEx envelope and the emails on the docket as proof of service.

IT IS SO ORDERED.

Dated: Hartford, Connecticut
        October 2, 2020

                                        _____/s/_____
                                        Michael P. Shea, U.S.D.J.